```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Thomas Moulton

    v.                                     Civil No. 14-cv-265-JD
                                            Opinion No. 2014 DNH 245
David Bane and
Prime Choice Enterprises, LLC

    v.

Thomas Moulton, Eric Emery, and
King's Highway Realty Trust, LTD
Partnership

## O R D E R

The claims in this case arise from the failure of The Meat House, a specialty butcher business that had locations in New Hampshire and elsewhere. Thomas Moulton brought suit against David Bane and his company, Prime Choice Enterprises, LLC ("PCE"), which acquired assets of The Meat House after its financial collapse. Moulton alleges that Bane made fraudulent misrepresentations to induce him to assist PCE in acquiring assets of The Meat House and breached their agreement.

Bane and PCE brought a counterclaim against Moulton and a third-party complaint against Eric Emery and King's Highway Realty Trust, LTD Partnership. King's Highway moves to dismiss Count III of the third-party complaint. Bane and PCE object to the motion to dismiss.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted.  In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief."  Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted).  "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility."  Id. (internal quotation marks omitted).

Background

The background facts are taken from the amended third-party complaint (document no. 14), and the factual allegations are summarized under the Rule 12(b)(6) standard for purposes of the pending motion only.

PCE purchased "substantially all" of the assets of The Meat House butcher shops, "including all of the assets owned by Stratham/Exeter Meat House, LLC," from Centrix Bank & Trust in a

private sale on April 15, 2014.[1]  Some of the Meat House assets purchased by PCE were subject to a lien held by Moulton.  After the purchase, PCE hired Emery to open new retail stores at The Meat House locations, where that was possible, and to sell the assets at other locations.  King's Highway was the landlord for the premises where The Meat House store had been operated in Stratham.  Emery negotiated with King's Highway to lease The Meat House location in Stratham where PCE planned to open a retail store.

A representative from Team Funding Solutions, a finance company in Austin, Texas, contacted PCE and claimed that Team Funding had leased assets to The Meat House and had a lien on those assets.  Although PCE disputed Team Funding's lien on The Meat House assets, it negotiated a deal with Team Funding in which PCE would pay $30,000 to Team Funding to satisfy the lien.  That transaction was scheduled to close on May 19, 2014.[2]

At the same time, Bane and Moulton were discussing Moulton's investment in PCE and were working to reach an agreement.  When Bane refused to meet Moulton's terms, they parted ways.  Bane and PCE allege that Moulton then began "a campaign of attack against PCE."

---

[1]The allegations that PCE is a bona fide purchaser for value of The Meat House assets and that it is a good faith transferee without notice of any defects in the sale are legal conclusions which are not considered for purposes of a motion to dismiss.

[2]It is not clear whether the closing occurred.

Moulton arranged for Team Funding to sell its assets in The Meat House to Moulton.[3]  Moulton entered into a lease with King's Highway for the Stratham property and took possession of The Meat House assets at that location.  Moulton gave PCE a trailer full of assets from The Meat House in Stratham, but Bane and PCE contend that the trailer contained largely worthless junk.  Neither King's Highway nor Moulton will turn over The Meat House assets at the Stratham location to Bane and PCE.

## Discussion

King's Highway moves to dismiss the conversion claim against it on the grounds that the complaint lacks specificity as to what property King's Highway converted, that Bane and PCE failed to allege facts showing their right to immediate possession of the property at the Stratham location, and that they failed to allege sufficient facts to show that they made a demand to King's Highway for the property.  In response, Bane and PCE assert that the complaint includes sufficient facts to show what property they claim has been converted and their right to the property.  They also contend that while a demand is not an element of conversion, their allegations show that King's Highway knew of PCE's interest in the property.

---

[3] Bane and PCE allege that the assets sold by Team Funding to Moulton were owned by PCE.

A.  Conversion

To succeed on a claim of conversion under New Hampshire law, a plaintiff must show that the defendant intentionally exercised dominion or control over the plaintiff's property and that the defendant's actions seriously interfered with the plaintiff's right to the property.  Muzzy v. Rockingham Cty. Tr. Co., 113 N.H. 520, 523 (1973); accord Askenaizer v. Moate, 406 B.R. 444, 454 (D.N.H. 2009).  "Among the factors that a court must consider are the extent and duration of the exercise of control over the goods, the intent to assert a right inconsistent with the other party's right of control, and good faith."  Kingston 1686 House, Inc. v. B.S.P. Transp., Inc., 121 N.H. 93, 95 (1981).  "[N]ot every failure to deliver upon demand will constitute a conversion.  On the contrary a qualified refusal for a reasonable purpose and for a reasonable length of time is not a conversion." LFC Leasing & Fin. Corp. v. Ashuelot Nat. Bank, 120 N.H. 638, 640 (1980); Peirce v. Finerty, 76 N.H. 38, 79 A. 23, 24 (1911) ("A retention of the chattel while reasonable investigation is being made is not wrongful.").

B.  Property Converted by King's Highway

King's Highway contends that the complaint does not sufficiently allege what property belonging to PCE has been converted by King's Highway.  In support, King's Highway points out that Bane and PCE allege that Moulton took possession of the assets at the The Meat House location in Stratham and do not

allege that King's Highway possesses any of the disputed property. Bane and PCE respond by noting the detail they provided about the assets at the Stratham location and assert that they do not know whether Moulton or King's Highway "presently has title or just bare possession of the converted assets."

In the third-party complaint, Bane and PCE allege that Moulton entered into a lease with King's Highway for the Stratham location. They further allege that "Moulton has taken possession of virtually all of the Stratham Assets . . . and continues to refuse to turn them over to PCE." Based on the allegations, the only assets at the Stratham location that Moulton does not possess are those that Moulton put into a trailer and gave to PCE. Taking the allegation as true, King's Highway does not possess any of the disputed assets.[4]

In the absence of facts to show that King's Highway intentionally exercised dominion or control over property that Bane and PCE claim belongs to PCE, Bane and PCE have not stated a claim of conversion against King's Highway.[5]

---

[4] The parties do not address what right or authority, if any, a landlord would have to distribute assets located in leased property to someone other than the tenant. In other words, Bane and PCE do not explain how King's Highway possesses the assets that they claim are theirs when those assets are located in the Stratham store that is leased to Moulton.

[5] Bane and PCE suggest in their objection that King's Highway may be benefitting from leasing a fully equipped and functioning store. It is not clear how that suggestion would support their conversion claim. Further, to the extent Bane and PCE may intend

C.  Right to Possession

King's Highway also moves to dismiss the conversion claim on the grounds that Bane and PCE have not pleaded facts to show that they are entitled to immediate possession of the disputed assets. "An action for conversion is based on the defendant's exercise of dominion or control over goods which is inconsistent with the rights of the person entitled to immediate possession." Rinden v. Hicks, 119 N.H. 811, 813 (1979). "[O]ne in possession of a chattel who is in reasonable doubt as to the right of the claimant to its immediate possession does not become a converter by making a qualified refusal to surrender the chattel to the claimant for the purpose of affording a reasonable opportunity to inquire into such right." Restatement (Second) of Torts § 240.

Bane and PCE acknowledge that at least some of the assets in the Stratham location are claimed by Moulton. Although they apparently have provided lists of all of the assets at the Stratham location, they are claiming the right to assets that they admit are claimed by Moulton. Given the disputed ownership, Bane and PCE have not alleged facts that show they are now entitled to immediate possession of all of the assets at the Stratham location. They have not alleged which assets, if any, are not claimed by Moulton. Under these circumstances, King's Highway is not liable for conversion.

---

to offer a new claim, that should be raised in a motion to amend rather than in their objection to a motion to dismiss.

D.  <u>Demand</u>

In addition, King's Highway contends that the conversion claim fails because Bane and PCE failed to allege that they made a demand to King's Highway for the assets at the Stratham location.  Because the conversion claim fails on the elements of intentionally exercising dominion or control over the disputed assets and the right to immediate possession, it is not necessary to decide whether Bane and PCE were required to make a demand for the property.

## <u>Conclusion</u>

For the foregoing reasons, the third-party defendant's motion to dismiss (document no. 23) is granted.  The conversion claim, Count III in the third-party complaint (document no. 14), against King's Highway Realty Trust is dismissed.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 24, 2014

cc:  Anna B. Hantz, Esq.
     Michele E Kenney, Esq.
     Peter N. Tamposi, Esq.
     Nathan P. Warecki, Esq.