```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thomas M. Moulton

   v.

David Bane and Prime
Choice Enterprises, LLC            Civil No. 14-cv-265-JD
                                   Opinion No. 2015 DNH 219
   v.

Thomas M. Moulton, et al.


                              O R D E R


   Thomas M. Moulton and Eric Emery seek sanctions against David Bane and Prime Choice Enterprises, LLC ("PCE") on the ground that Bane discarded 1,623 text messages contained in an application, WhatsApp, on his mobile telephone when he replaced the telephone in October of 2014.  Moulton and Emery later recovered the messages from Emery's mobile telephone through the services of a computer forensic analyst.  They ask for an adverse inference against Bane and PCE in the form of an admission as to a significant issue in the case, an adverse inference as to Bane's credibility, and payment of the costs they incurred in retrieving the messages.

   In response, Bane asserts that sanctions are not warranted because the text messages were not permanently destroyed.  Bane states in his declaration that "the only person with whom I

communicated with [sic] on WhatsApp in 2014 about anything related to the Meat House was Eric Emery." Bane also states that he reviewed the messages printed from Emery's telephone and believes that those are all of the messages exchanged between Bane and Emery in early 2014. Bane also contends that he did not intentionally discard the WhatsApp messages, which he says were lost when, without his knowledge, WhatsApp was not transferred to his new telephone. Despite his view that he is not at fault, Bane offers to pay at least part of the cost of retrieving the messages from Emery's telephone although Moulton did not ask for reimbursement before filing the motion.[1]

"Spoliation is the intentional, negligent, or malicious destruction of relevant evidence." E.E.O.C. v. Chipotle Mexican Grill, --- F. Supp. 3d ---, 2015 WL 1472217, at *7 (D. Mass. Mar. 30, 2015). An adverse inference, based on destroyed evidence, requires a threshold showing that the party intentionally destroyed evidence that he knew was relevant to a claim in the case. Booker v. Mass. Dep't of Public Health, 612

---

[1] In his declaration, Bane states: "I am not aware of any demand by opposing counsel for reimbursement of all or a portion of the costs associated with recovering the text messages from Mr. Emery's old phone. Nevertheless, I am not adverse to paying for all a portion [sic] of the cost of recovering the WhatsApp messages from Mr. Emery's phone." Bane appears to offer to pay all or a portion of the cost. In the objection, however, counsel states that the only "arguable proportionate sanction might be directing the defendant, [sic] to share the $974 cost."

F.3d 34, 46 (1st Cir. 2010). The primary purpose of sanctions for spoliation of evidence, when spoliation was not willful, is to remedy the prejudice to the opposing party. Trull v. Volkswagen of Am., Inc., 187 F.3d 88, 95 (1st Cir. 1999). In addition, sanctions cannot be imposed on a party who loses information "as a result of the routine, good-faith operation of an electronic information system." Fed. R. Civ. P. 37(e).

In this case, the messages in WhatsApp on Bane's old telephone were lost when he replaced the telephone and did not save the messages. In his declaration, Bane states that he asked the Verizon staff when he got his new telephone to transfer everything from the old telephone to the new one, which he thought would include WhatsApp. He further states that he did not know the WhatsApp messages were not transferred to the new telephone because he did not have occasion to use WhatsApp after getting the new telephone. Moulton and Emery presume that Bane intentionally discarded the old telephone for the purpose of destroying the messages in WhatsApp but provide no evidence to prove that occurred.

Putting aside the disputed issue of Bane's intent in discarding his old telephone, it is undisputed that Moulton and Emery have recovered the messages. Therefore, the prejudice caused by failing to preserve the messages in WhatsApp is the

cost incurred by Moulton and Emery to retrieve the messages. Bane has offered to at least share the cost.

The circumstances here do not support punitive sanctions, such as the admission or the adverse credibility inference that Moulton and Emery request. In addition, Moulton and Emery, apparently, did not ask for reimbursement of the costs of retrieving the messages before filing the motion seeking sanctions. Communication among counsel might have allowed a resolution of the issue without court action.

The appropriate sanction is the cost of retrieving the messages. Bane shall reimburse Moulton and Emery for the cost, $974.00, of retrieving the messages.

## Conclusion

For the foregoing reasons, the motion for sanctions due to spoliation of evidence (document no. 85) is granted only as to reimbursement of the cost of retrieving the messages, in the amount of $974.00. The defendant shall pay the cost, $974.00.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

December 2, 2015
cc: Anna B. Hantz, Esq.
    Michele E. Kenney, Esq.
    Deborah Ann Notinger, Esq.
    William B. Pribis, Esq.
    Ross H. Schmierer, Esq.
    Nathan P. Warecki, Esq.