UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Thomas M. Moulton

    v.                                       Civil No. 14-cv-265-JD
                                               Opinion No. 2015 DNH 220
David Bane and
Prime Choice Enterprises, LLC

O R D E R

Moulton previously moved for sanctions, arguing that David
Bane had not complied with the court's order to produce
documents responsive to requests 20, 21, and 22 in his first set
of requests for production of documents.  In response, Bane
argued that the delay in providing discovery was caused by
disruption in his counsel's practice due to the sudden departure
of the lawyer who had been primarily responsible for the case
and that any failure to comply with the order was not willful.
The court ordered Bane to provide, by the stated dates, all
documents responsive to requests 20, 21, and 22, and a
certification that all responsive documents had been produced.
The court also allowed Moulton to file a supplemental motion for
sanctions.

Discussion

Moulton has now filed a supplemental motion for sanctions.
He acknowledges that the ordered discovery and the certification

have been provided.  Nevertheless, Moulton seeks as sanctions default judgment in his favor on all claims or alternatively that the court declare that certain facts are established in the case.  Moulton also requests an award of his attorney's fees incurred in filing the motions for sanctions.

In response, Bane reiterates that the discovery delays were not willful but instead were caused by the difficulties his counsel encountered due to the departure of the lawyer who was handling the case.  Bane further states that his failure to produce complete responses to requests 20, 21, and 22 in a timely manner was due to his misunderstanding of the scope of the requests.  Once the requests were properly explained by counsel, Bane produced the responsive documents.

Bane argues that the sanctions of default and establishing certain facts are not appropriate in the circumstances that occurred here.  He does not respond to Moulton's request for attorney's fees.

A.   Sanctions

As explained in more detail in the court's previous order issued on November 10, 2015 (document no. 101), the sanction of default, or establishing facts that would result in judgment against the opposing party, is reserved for severe discovery violations.  AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429,

436 (1st Cir. 2015).  Even in those cases, the decision of
whether to enter default depends on all of the circumstances
that pertain to the discovery violation.  Hooper-Haas v. Ziegler
Holdings, LLC, 690 F.3d 34, 38 (1st Cir. 2012).

      In this case, Bane has now provided the requested
discovery.  Moulton has not shown any prejudice caused by the
delay other than the additional expenses incurred in forcing
Bane to comply with the discovery requests.  Under the
circumstances presented here, the severe sanctions of default
and establishing facts that would result in judgment against
Bane and PCE are not appropriate.

B.  Attorneys' Fees

      When a party fails to obey a discovery order, the court
must order that party to pay the attorneys' fees incurred
because of the failure to comply "unless the failure was
substantially justified or other circumstances make an award of
expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  The party
facing sanctions bears the burden of showing substantial
justification or other circumstances that would make an award
unjust.  See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178
(2d Cir. 2008); Metrocorps, Inc. v. E. Mass. Drum & Bugle Corps
Ass'n, 912 F.2d 1, 2 (1st Cir. 1990).  As Bane did not address

3

Moulton's request for attorney's fees, he apparently does not oppose that part of the motion.

Reasonable fees for purposes of an award of expenses under Rule 37 are generally calculated using the lodestar method. See, e.g., Providence Piers, LLC v. SMM New England, Inc., 2015 WL 4459143, at *6 (D.R.I. July 20, 2015); Walker v. Segway Inc., 2013 WL 3754864, at *2 (D.N.H. July 15, 2013).  Under the lodestar method, the court multiplies the hours productively spent by a reasonable hourly rate.  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  The party seeking fees must provide sufficient documentation to support the hours claimed and the rate requested.  Id.

Moulton asks for an award of $1,620.00 in attorneys' fees. In support, he provides the declaration of counsel who states that her usual hourly rate is $310 per hour although she is charging Moulton $270 per hour in this case.  Counsel also appended a time and expense report to show the time spent on the motion and the supplemental motion for sanctions.

For purposes of awarding fees in a prior order, the court found that counsel's hourly rate of $270 is reasonable in this case.  See Order, November 24, 2015, doc. no. 114, at 13-14. The time and expense report shows that counsel spent a total of six hours preparing the two motions.  The lodestar calculation

4

results in a fee of $1,620.00, as Moulton requests.  Bane does not object to that amount.

### Conclusion

For the foregoing reasons, the plaintiff's motion for sanctions (document no. 83) and supplemental motion for sanctions (document no. 112) are granted to the extent that plaintiff is awarded reasonable attorneys' fees in the amount of $1,620.00.  The motions are otherwise denied.

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph DiClerico, Jr.
United States District Judge

December 2, 2015

cc:  Anna B. Hantz, Esq.
     Michele E. Kenney, Esq.
     Deborah Ann Notinger, Esq.
     William B. Pribis, Esq.
     Ross H. Schmierer, Esq.
     Nathan P. Warecki, Esq.