```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thomas M. Moulton

    v.                                              Civil No. 14-cv-265-JD
                                                          Opinion No. 2016 DNH 090

David Bane and Prime
Choice Enterprises, LLC

## O R D E R

Following a bench trial, the court found in favor of Thomas M. Moulton on his claim under New Hampshire's Consumer Protection Act ("CPA"), RSA chapter 358-A, against David Bane and Prime Choice Enterprises, LLC ("PCE") and awarded Moulton double damages. Moulton is also entitled to the costs of the suit, including attorneys' fees. RSA 358-A:10, I. As directed by the court, Moulton filed a properly supported motion for costs and fees, and Bane and PCE have objected.

### Standard of Review

RSA 358-A:10, I provides that a prevailing plaintiff is entitled to "an award of reasonable attorney's fees and costs." State v. Mandatory Poster Agency, Inc., 126 A.3d 844, 848 (N.H. 2015). When considering a request for attorneys' fees pursuant

to a state statute in a diversity jurisdiction case, state law governs the award of fees. In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 15-17 (1st Cir. 2012); Dinan v. Alpha Networks, Inc., 2015 WL 1737734, at *4 (D. Me. Apr. 16, 2015). Under New Hampshire law, courts consider eight factors taken from the Code of Professional Responsibility for determining whether a request for fees is reasonable. Town of Barrington v. Townsend, 164 N.H. 241, 250 (2012). The eight factors are:

> the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients.

Id.

## Discussion

Moulton requests $230,065.00 in attorneys' fees and $9,696.86 in expenses. He has excluded from that request the fees and expenses that were previously awarded to Moulton in this suit totaling $29,842.50. He has also excluded fees that were billed to him but were subsequently discounted and other fees that counsel determined should not be included in the request. In support, Moulton provided the declaration of the

attorney who represented him during the case, Michele Kenney; the declaration of another attorney who worked on the case, Scott Pueschel; and documentation of the fees and expenses, including invoices and summaries of fees and costs.

Bane and PCE object to the amount of fees and expenses requested. They argue that the fees should be reduced by half because the amount requested is "wholly disproportionate to the complexity and value" of Moulton's claims. They also argue that because Moulton did not separate the fees incurred in litigating the CPA claim the requested amount is speculative and should be reduced by half.

A.   Separation of Work on CPA Claim

Bane and PCE cite no authority to support their assertion that Moulton is not entitled to attorneys' fees for work done on their counterclaims or on his own claims other than the CPA claims. They offer only their own novel interpretation of the provision for attorneys' fees in RSA 358-A:10, I.

The statute provides that "a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." RSA 358-A:10, I. Bane and PCE argue that the statute means that a prevailing plaintiff is entitled to the costs incurred in the suit but is entitled to attorney's

fees for litigating the CPA claim only.  Their interpretation is neither persuasive nor supported by cited authority.[1]

The New Hampshire Supreme Court considered the issue of the scope of RSA 358-A:10 in George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 138-39 (2011).  There, the plaintiffs argued that they were entitled to fees for work on both their CPA claim and their common law claim, and the defendant argued that only fees for the CPA claim could be awarded.  The supreme court found that "the trial court reviewed the plaintiffs' request for attorney's fees in the context of the entire litigation" and that the fee award included time spent on the breach of contract claim as well as the CPA claim.  Id. at 139.  The court affirmed the fee award as reasonable.  Id.

Based on George, it appears that attorneys' fees under RSA 358-A:10 are awarded based on work done on the case, not just the CPA claim.  Further, the interpretation of the attorneys' fees provision in Massachusetts's CPA, Massachusetts General

---

[1] On its face, the wording of the statute does not limit the award of attorneys' fees to fees incurred in litigating the CPA claim.  A more plausible reading is that it was unnecessary to repeat "of the suit" and that the legislature intended to include the fees incurred in the suit.

Laws Ann. ("M.G.L.A.") 93A, § 11, supports that result.[2] Section 11 provides in pertinent part:

> If the court finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action.

M.G.L.A. 93A, § 11.

In Arthur D. Little Int'l, Inc. v. Dooyang Corp., 995 F. Supp. 217 (D. Mass. 1998), the defendant challenged the attorneys' fees requested under M.G.L.A. 93A in part on the grounds that § 11 provided for fees only for work on the CPA claim and not for work on other claims or on the defendant's counterclaims. Arthur D. Little, 995 F. Supp. at 219. The court held that the plaintiff was entitled to fees for work done on all claims because they arose out of the same chain of events. Id. at 222. The court also held that the plaintiff was entitled to fees for work done on the counterclaims, because "fees should not be reduced to exclude essential work done to

---

[2] In interpreting New Hampshire's CPA, the New Hampshire Supreme Court relies on case law interpreting M.G.L.A. ch. 93A. See Remsburg v. Docusearch, Inc., 149 N.H. 148, 160 (2003); Chase v. Dorais, 122 N.H. 600, 602 (1982); see also Chroniak v. Golden Inv. Corp., 983 F.2d 1140, 1146 n.11 (1st Cir. 1993); Gen. Linen Serv., Inc. v. Gen. Linen Serv. Co., Inc., 25 F. Supp. 3d 187, 195 (D.N.H. 2014).

combat [the defendant's] vast expansion of the case through counterclaims that did not succeed." Id. at 224.

Bane and PCE provide no persuasive reason to exclude fees for work done on Moulton's other claims and on the counterclaims in this case.

B.  Reasonableness of Time Spent and Rates

Bane and PCE argue that the fees requested are not reasonable because the trial lasted only two days, the CPA claim was not complex, and Moulton did not need four attorneys along with support staff to work on his case.  They contend that the amount of fees requested is disproportionate to the amount of damages and the complexity of the case.  In footnotes, Bane and PCE assert that the hourly rates are excessive, state that "numerous entries" are "non-specific as to tasks performed," and object to time for travel and settlement negotiations.

1.  Amount involved and nature of the case.

Moulton originally brought claims against Bane and PCE for breach of contract, fraudulent misrepresentation, breach of the implied covenant of good faith and fair dealing, violation of the CPA, and restitution.  In response, Bane and PCE brought counterclaims for tortious interference with economic relationships and conversion and brought third-party claims

against Eric Emery for tortious interference and conversion, and against King's Highway Realty Trust for conversion. Bane and PCE later added third-party claims against North Madison Hill LLC and a claim for injunctive relief. Moulton then added a claim against Bane and PCE for promissory estoppel.

The counterclaims and third-party claims brought by Bane and PCE were resolved against them before trial. Following trial, the court found in favor of Moulton on his remaining claims and awarded damages in the amount of $113,934.09. Those damages were doubled under the CPA to $227,868.18.

The number of claims, counterclaims, and third-party claims show a more complex case than Bane and Moulton acknowledge. In addition, Moulton was successful on his claims and in defending against the counterclaims. Importantly, the relative amount of damages compared to the amount of fees requested is immaterial because the CPA does not require any actual damages for a prevailing party to be entitled to costs and attorneys' fees. Beckstead v. Nadeau, 155 N.H. 615, 621 (2007).

Bane and PCE fault Moulton for having four lawyers work on his case. Over the course of the litigation, however, Bane and PCE have employed lawyers in five different firms, with six lawyers filing appearances on their behalf. Absent a focused challenge to specific time spent by Moulton's lawyers, Bane and

PCE have not shown that Moulton's staffing in the case was excessive. They provide no basis to cut the fees requested by half.

    2. <u>Attorneys' skill and rate charged.</u>

In support of his motion for fees and costs, Moulton submitted the declarations of his attorneys, Kenney and Pueschel, who are both partners at Pierce Atwood, LLC. Kenney and Pueschel address their own qualifications and hourly rates and the qualifications and hourly rates of two other partners who worked on the case.[3] Kenney charged $300 per hour until August 1, 2014, when she discounted her rate to $270 per hour. Pueschel charged $485 per hour until he discounted his rate to $415 per hour. Lawrence M. Edelman, another partner at Pierce Atwood, charged $385 per hour in 2015 and $395 per hour in 2016.

---

[3] Kenney was Moulton's principal attorney in the case. She is a member of the Litigation Practice Group at Pierce Atwood and manages the firm's New Hampshire office. She was assisted by Lawrence M. Edelman, another litigation partner, with thirty-four years of experience.

Pueschel is a member of the firm's Business Practice Group, who advised Moulton in his business dealings with Bane and PCE and, based on his knowledge of the facts in the case, also provided some litigation support. Keith J. Cunningham is the chair of the firm's Bankruptcy and Creditors' Rights group, with experience in commercial transactions beginning in 1988, and provided advice with respect to the defenses and counterclaims involving the Article 9 sale.

Keith J. Cunningham, the fourth partner who worked on Moulton's case, charged $495 per hour.

Bane and PCE do not challenge the standing and skill of Moulton's attorneys. Instead, they assert generally and only in a footnote that Moulton's attorneys' hourly rates are too high. They point to the rate of $285 per hour charged by their local counsel, William B. Pribis, who is a partner at a firm in Concord, New Hampshire, with twenty years of experience.

Kenney's reduced rate of $270 for this case, which has been in effect since August 1, 2014, was previously approved by the court. Order, doc. no. 119, at 4; Order, doc. no. 114, at 14. In the first order, the court noted that higher rates could also be justified. Kenney stated in her declaration that Edelman's hourly rate of $385 was reasonable based on the rates of other lawyers with similar experience and skill

In his declaration, Pueschel states that his standard hourly rate in 2014 of $485 was a customary rate for corporate lawyers with more than twenty years of experience and with a national practice. The discounted rate of $415 per hour was charged for time spent after August 1, 2014. Pueschel also states that Cunningham's hourly rate of $495 in 2014 was customary for lawyers with his skill and standing in the area of bankruptcy and creditors' rights.

The rate that counsel ordinarily charges for her services is "a reliable indicium of market value." United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 40 (1st Cir. 2008). Bane and PCE provide no authority or persuasive evidence to counter Moulton's showing that the hourly rates charged by his attorneys are reasonable and customary. Pribis's hourly rate is comparable to Kenney's rates. Bane and PCE have not shown that Pribis has the experience or expertise of Pueschel, Edelman, or Cunningham. Therefore, the attorneys' hourly rates are approved.

The request for fees also includes work done by paralegals. Bane and PCE do not challenge those hourly rates. The court previously found that the hourly rate of $140 for two of the paralegals was reasonable. The hourly rate of $140 to $150 for a third paralegal is also reasonable. Work done by another staff support person was billed at $75 per hour, which is reasonable. Therefore, those hourly rates are approved.

3. *Time spent.*

Moulton's attorneys provide appropriately detailed invoices to show the work they did on his behalf in this case and the time expended. Bane and PCE do not challenge the time claimed

or the work done in the body of their objection.[4]  Instead, they state in a footnote that they object to entries in the invoices that are "non-specific as to tasks performed, time spent in connection with voluntary settlement negotiations and time spent in connection with travel."

Contrary to that criticism, the invoices provide a statement of what work was done with each time entry.  To the extent Bane and PCE believe that the entries are insufficient to explain what work was done, they have not adequately raised that issue to allow review.

Bane and PCE do not explain why time spent on "voluntary settlement negotiations" would not be compensable.  They cite no authority to show that such time cannot be included for purposes of a fee award, and the court has found none.  They also do not cite the invoice entries that correspond to that time.

---

[4] They charge generally that the amount of the fees requested is disproportionate to the complexity and value of the case and that Moulton's attorneys spent too much time on the CPA claim. In a footnote, Bane and PCE assert that "[a] fine example of this is that the fact [sic] that Plaintiff submitted a wholly unnecessary seventy-one (71) page post-trial memorandum." The cited memorandum is Moulton's closing argument, not the CPA memorandum.  Although the court gave both sides the opportunity to file a written closing argument and a memorandum on the CPA claim, only Moulton submitted both.  Far from being "wholly unnecessary," Moulton's closing argument provided a detailed and helpful summary and analysis of the case.

Therefore, Bane and PCE have provided no basis for excluding time on that ground.

Bane and PCE also object to compensation for time spent in connection with travel but do not provide citations to the invoices to show where that time was billed. The only time the court found that was billed for travel was Pueschel's travel to Concord for trial. Pueschel states in his declaration, however, that he wrote off the time spent in connection with the trial. It appears that Moulton was not billed for that time. In any case, Bane and PCE have not shown that the request for fees should be reduced because of time spent for travel.

Moulton's request for attorney's fees in the amount of $230,065.00 is approved.

C.   Costs

Moulton seeks $9,696.86 in costs. That amount is well supported by the invoices and summaries submitted with the motion. Bane and PCE do not dispute the amount of costs requested. Therefore, costs of $9,696.86 are approved.

## Conclusion

For the foregoing reasons, the plaintiff's request for an award of costs and attorneys' fees in the amount of $239,761.86 (document no. 151) is granted.

The clerk of court shall enter judgment in accordance with this order; the court's findings and rulings, document no. 150; an order on summary judgment, document no. 109; an order on summary judgment, document no. 95; and an order on a motion to dismiss, document no. 28.

The pending motion for prejudgment interest will be resolved when ripe.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

May 4, 2016

cc:   Anna B. Hantz, Esq.
      Michele E. Kenney, Esq.
      Deborah Ann Notinger, Esq.
      William B. Pribis, Esq.
      Richard Roth, Esq.
      Nathan P. Warecki, Esq.